IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES M. BROADHEAD, #224802,       )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        CASE NO. 2:16-CV-671-MHT
                                   )
SGT. HRANDAY, et al.,              )
                                   )
            Defendants.            )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James M. Broadhead ("Broadhead"), a frequent federal litigant, presently incarcerated at the Bullock Correctional Facility ("Bullock").  In the instant complaint, Broadhead alleges that he was recently subjected to the use of excessive force while at Bullock due to the nature of his crime, i.e., the rape of an elderly woman.  Specifically, Broadhead asserts that correctional officers pushed him to the ground and kicked him in the testicles while stating "you'll never [again] be able to rape another old lady." *Doc. No. 1* at 3.

## II.  RELEVANT CASE HISTORY[1]

In June of 2011, Broadhead filed a civil action with this court in which he raised a similar claim for relief, i.e., assaulted by correctional officers due to his conviction for sexually assaulting an elderly woman.  *Broadhead v. Dozier, et al.,* Case No. 2:11-CV-489-MEF-TFM (M.D. Ala.

---

[1]This court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)

2012) - *Doc. No. 1* at 4.  In this previous cause of action, Broadhead stated the assault occurred at Kilby Correctional Facility on June 17, 2011, whereas in the instant complaint he maintains the assault recently occurred at Bullock Correctional Facility.  Additionally, Broadhead filed two other civil actions with this court in 2011 alleging a substantially similar claim for relief with the only differences in each of these complaints being the date of the alleged incident and the individuals named as defendants.  *Broadhead v. Woodard, et al.,* Case No. 2:11-CV-341-MEF-TFM (M.D. Ala. 2012) (incident alleged to have occurred at Kilby Correctional Facility on April 20, 2011); *Broadhead v. Norris, et al.,* Case No. 2:11-CV-490-MEF-TFM (M.D. Ala. 2012) (incident alleged to have taken place on March 13, 2010 at Kilby Correctional Facility).  Moreover, Broadhead has filed twenty-two (24) additional civil actions with this court since 2011 raising a substantially similar excessive force claim but again identifying different dates, defendants and/or facilities where the alleged assault occurred.  *See Broadhead v. Butler, et al.,* Case No. 2:16-CV-544-WKW-GMB (M.D. Ala. 2016); *Broadhead v. Lynn, et al.,* Case No. 2:16-CV-592-MHT-GMB (M.D. Ala.); *Broadhead v. Palmer, et al.,* Case No. 2:16-CV-529-MHT-TFM (M.D. Ala.); *Broadhead v. Fitzpatrick, et al.,* Case No. 2:16-CV-484-MHT-TFM (M.D. Ala.);*Broadhead v. Halliam, et al.,* Case No. 2:16-CV-433-WHA-TFM (M.D. Ala.); *Broadhead v. Holcey, et al.,* Case No. 2:16-CV-384-WHA-TFM (M.D. Ala. 2016); *Broadhead v. Roders, et al.,* Case No. 2:16-CV-371-WHA-TFM; (M.D. Ala. 2016); *Broadhead v. Baldwin, et al.,* Case No. 2:16-CV-336-WHA-WC (M.D. Ala. 2016); *Broadhead v. Roders, et al.,* Case No. 2:16-CV-321-WHA-WC (M.D. Ala. 2016); *Broadhead v. Jenkins, et al.,* Case No. 2:16-CV-250-WHA-GMB (M.D. Ala. 2016); *Broadhead v. Harris, et al.,* Case No. 2:16-CV-244-WHA-GMB (M.D. Ala. 2016); *Broadhead v. Battle, et al.,* Case No. 2:16-CV-219-WHA-GMB (M.D. Ala. 2016) (incident in previous ten cases alleged to have occurred at Bullock Correctional Facility in 2016); *Broadhead v. Battle, et al.,* Case No.

2:16-CV-133-WHA-GMB (M.D. Ala. 2016); *Broadhead v. Smith, et al.*, Case No. 2:16-CV-81-WHA-GMB (M.D. Ala. 2016); *Broadhead v. Scott, et al.*, Case No. 2:16-CV-17-WHA-GMB (M.D. Ala. 2016); *Broadhead v. Gasdon, et al.*, Case No. 2:15-CV-854-MHT-GMB (M.D. Ala. 2015); *Broadhead v. Olds, et al.*, Case No. 2:15-CV-715-WKW-TFM (M.D. Ala. 2015); *Broadhead v. Miree, et al.*, Case No. 2:14-CV-677-MHT-TFM (M.D. Ala. 2014); *Broadhead v. Rogers, et al.*, Case No. 2:14-CV-676-MHT-TFM (M.D. Ala. 2014); *Broadhead v. Miree, et al.*, Case No. 2:14-CV-641-MHT-TFM (M.D. Ala. 2014); *Broadhead v. Olds, et al.*, Case No. 2:14-CV-393-MEF-TFM (M.D. Ala. 2014); *Broadhead v. Olds, et al.*, Case No. 2:14-CV-367-MEF-TFM (M.D. Ala. 2014) (incident in the preceding ten cases alleged to have occurred at Donaldson Correctional Facility on unidentified dates in 2016, 2015 and 2014.); *Broadhead v. Babers et al.,* Case No. 2:14-CV-210-MEF-TFM (M.D. Ala. 2014); *Broadhead v. Babers et al.,* Case No. 2:14-CV-49-WHA-TFM (M.D. Ala. 2014) (incident in the two latter cases alleged to have occurred during a prior stint of confinement at Bullock).

The records for the two other federal courts of this state likewise indicate that Broadhead has filed numerous additional cases alleging a nearly identical claim of excessive force as the one set forth in the instant complaint.[2]   Although these cases also differ in various details - the

---

[2]*See Broadhead v. Hicks, et al.*, Case No. 2:12-CV-2369-JHH-RRA (N.D. Ala. 2012); *Broadhead v. Price, et al.*, Case No. 2:12-CV-2193-IPJ-RRA (N.D. Ala. 2012); *Broadhead v. Byres, et al.*, Case No. 4:12-CV-644-KOB-RRA (N.D. Ala. 2012); *Broadhead v. Baker, et al.*, Case No. 4:12-CV-585-SLB-RRA (N.D. Ala. 2012); *Broadhead v. Norris, et al.*, Case No. 2:11-CV-490-MEF-TFM (M.D. Ala. 2012); *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012); *Broadhead v. Woodard, et al.*, Case No. 2:11-CV-341-MEF-TFM (M.D. Ala. 2012); *Broadhead v. Scott, et al.*, Case No. 4:10-CV-1152-WMA-RRA (N.D. Ala. 2010); *Broadhead v. Carter, et al.*, Case No. 4:10-CV-1142-AKK-RRA (N.D. Ala. 2010); *Broadhead v. Miles, et al.*, Case No. 4:10-CV-1141-JHH-RRA (N.D. Ala. 2010); *Broadhead v. Scott, et al.*, Case No. 4:10-CV-1028-AKK-RRA (N.D. Ala. 2010); *Broadhead v. Malone, et al.*, Case No. 4:10-CV-806-JHH-RRA (N.D. Ala. 2010); *Broadhead v. McKay, et al.*, Case No. 4:10-CV-751-RRA (N.D. Ala. 2010); *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala. 2010); *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D. Ala. 2010); *Broadhead v. Wise, et al.*, Case No. 4:10-CV-388-IPJ-RRA (N.D. Ala. 2010); *Broadhead v. Brown, et al.*, Case No. 4:10-CV-350-VEH-RRA (N.D. Ala. 2010); *Broadhead v. Swain, et al.*, Case No. 4:10-CV-113-AKK-RRA (N.D. Ala. 2010); *Broadhead v. Richburg, et al.*, Case No. 4:10-CV-54-IPJ-RRA (N.D.

3

correctional facility at which the incident occurred, the date of the incident and/or the correctional officers involved - the core allegation of excessive force remains constant in each case, as does Broadhead's claim that his attackers stated the use of force occurred due to his conviction for rape of an elderly woman.   Additionally, in the vast majority of these cases, Broadhead describes suffering strikingly similar injuries during each alleged attack - a broken arm, staples in his head, loss of teeth and fractures to his feet and ankle areas.   The United States District Court for the Northern District of Alabama determined that the physical altercation responsible for generating the voluminous number of cases filed by Broadhead occurred "on October 27, 2009, while [he was] incarcerated at . . . Donaldson[,]" and concluded that complaints "alleging that he was assaulted in exactly the same manner and sustained the same exact injuries [at different times and locations] are 'wholly incredible' and 'delusional.'"   *Broadhead v. Northcutt, et al.*, Case No. 4:09-CV-2512-SLB-RRA (N.D. Ala. 2011), *Doc. No*. 24 at 5 & 9 (Recommendation of the Magistrate Judge), adopted as opinion of the court September 14, 2011 (*Doc. No. 25*) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

### III.  DISCUSSION

Upon initiating this case, Broadhead did not pay the $350.00 filing fee and attendant $50 administrative fee nor did he file an application for leave to proceed *in forma pauperis*.   In cases with these deficiencies, the usual practice of this court is to enter an order advising the plaintiff that he must pay the full filing fee and concomitant administrative fee or submit an application to

---

Ala. 2010); *Broadhead v. Kirrire, et al.*, Case No. 4:10-CV-53-VEH-RRA (N.D. Ala. 2010); *Broadhead v. Swain, et al.*, Case No. 4:09-CV-2606-SLB-RRA (N.D. Ala. 2010); *Broadhead v. Northcutt, et al.*, Case No. 4:09-CV-2512-SLB-RRA (N.D. Ala. 2011); *Broadhead v. Michael, et al.*, Case No. 4:09-CV-2473-VEH-RRA (N.D. Ala. 2010); *Broadhead v. Griggs, et al.*, Case No. 1:10-CV-241-CG-C (S.D. Ala. 2011); *Broadhead v. Heinz, et al.*, Case No. 1:10-CV-129-KD-B (S.D. Ala. 2010); and *Broadhead v. Mixon, et al.*, Case No. 1:10-CV-12-WS-C (S.D. Ala. 2010).

proceed *in forma pauperis*.  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[3]  Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Federal court records establish that Broadhead, while incarcerated or detained, has on at least four occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who are immune from suit.  The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are:  (1) *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012) (complaint malicious); (2) *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala. 2010) (complaint frivolous); (3) *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D. Ala. 2010) (complaint frivolous); and (4) *Broadhead v. Kirrire, et al.*, Case No. 4:10-CV-53-VEH-RRA (N.D. Ala. 2010) (complaint frivolous).

---

[3]In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.), *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216, 127 S.Ct. at 921.

Upon review of the present complaint and the numerous other civil actions filed by Broadhead in this and the other federal courts of this state alleging the same factual basis for relief, the court finds that Broadhead fails to demonstrate that he "is under imminent danger of serious physical injury" as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (noting the imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'"). Consequently, even if Broadhead sought *in forma pauperis* status in the instant action, he is not entitled to such status due to his violation of the "three strikes" provision of 28 U.S.C. § 1915(g).

Based on the foregoing analysis, the court concludes that this case is due to be summarily dismissed without prejudice as Broadhead failed to pay the requisite filing and administrative fees upon his initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to the provisions of § 1915(g)" because he "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be

DISMISED without prejudice for the plaintiff's failure to pay the filing and administrative fees upon initiation of this case.  It is further

ORDERED that on or before September 1, 2016 the plaintiff may file objections to the Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of August, 2016.



/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE